UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EFREM R. JOHNSON, | ) | 5:14CV0839 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| ALAN LAZAROFF, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner Efrem R. Johnson ("Johnson") has filed this petition pro se for a writ of habeas corpus, arising out of his 2010 convictions for aggravated murder, having weapons while under disability, and a firearm specification, in the Summit County (Ohio) Court of Common Pleas. Johnson raises a single ground for relief, that the trial court failed to advise him of his right to appeal his sentence, and failed to advise him of his right to counsel for that appeal. (Doc. 1, at [6].) The respondent filed a Return of Writ[1] (doc. 8), and Johnson filed a Traverse (doc. 10). Johnson also sought leave to expand the record (doc. 9), which was granted. (Doc. 12.)

---

[1] To accompany the Return of Writ, the respondent has filed a 195-page document containing 51 exhibits. (Doc. 8-1.) Counsel is advised that when filing a large PDF document such as this, it is preferable that the individual exhibits should be "bookmarked." In the alternative, the exhibits could be filed individually.

## I. PROCEDURAL BACKGROUND

Johnson was indicted in a five-count indictment in 2010. (Doc. 8, RX 1.) On December 21, 2010, pursuant to a plea agreement, Johnson pled guilty to aggravated murder (Count 2), with a firearm specification, and to having weapons while under a disability (Count 3). The remaining charges were dismissed. (Doc. 8, RX 22, at [51].)

During the plea colloquy, Johnson was advised of the possible sentences which the court could impose. (Doc. 8-2, Transcript vol. 11 (hereinafter, "Tr."), at 9-14.) The court next discussed the rights that Johnson would be giving up as the result of a guilty plea. (Tr., at 14-16.) The court discussed Johnson's appellate rights as follows:

> COURT: Also, Mr. Johnson, if you enter a guilty plea, you are giving up the right to have the Court of Appeals review the question of whether you are guilty of these crimes or not. Do you understand that?
>
> DEFENDANT: Yes, sir.
>
> COURT: So you can't take the case off to the Court of Appeals and say, you know, I don't think I was ever guilty in the first place. Do you understand that?
>
> DEFENDANT: I understand.

(Tr., at 16-17.)

Pursuant to a jointly-recommended sentence, the court imposed sentence of life imprisonment (with parole eligibility after 20 years) for aggravated murder, three years for the firearm specification, and three years for having a weapon while

under disability. (Doc. 8, RX 22, at [52], and Tr., at 4, 26-27.) The sentences were to be served consecutively, for an aggregate total of 26 years to life in prison. (Doc. 8, RX 22, at [52].)

On July 25, 2011, Johnson filed a motion to set aside a void sentence, on theory of allied offenses of similar import concerning the firearm specification and the having-weapon-under-disability charges. (Doc. 8, RX 23, at [54]-[58].) The trial court denied the motion. (Doc. 8, RX 25, at [61].)

On Sept. 20, 2011, Johnson filed a motion to alter, amend, or correct a void judgment, arguing that he was improperly notified of mandatory post-release control. (Doc. 8, RX 27, at [62]-[64].) On Sept. 26, 2011, the court denied the motion. (Doc. 8, RX 30, at [70].)

Johnson filed a notice of appeal concerning the September 26 ruling on Oct. 17, 2011. (Doc. 8, RX 31, at [71].) Through counsel, Johnson raised two assignments of error:

> 1. The trial court abused its discretion when it failed to grant Johnson a hearing on his motion to vacate or amend a void sentence.
>
> 2. Johnson's case must be remanded to the trial court for a hearing to determine whether any of his offenses merged for sentencing, as Johnson was sentenced before the Ohio Supreme Court issued its decision in State v. Johnson [128 Ohio St.3d 153, 942 N.E.2d 1061 (2010)].

(Doc. 8, RX 32, at [77].) The state court of appeals affirmed the decision of the trial court on Sept. 19, 2012. (Doc. 8, RX 35, at [127]-[132]; State v. Johnson, No. 26167, 2012 WL 4100414 (Ohio Ct. App. Sept. 19, 2012.)

Johnson filed an application for reconsideration of the appellate court's decision (doc. 8, RX 36, at [133]-[138]), but the court denied his application. (Doc. 8, RX 37, at [139]-[140].)

On Feb. 4, 2013, Johnson filed a notice of appeal, pursuant to App. Rule 4, "From the judgment of conviction entered in this action on [blank]." (Doc. 8, RX 38, at [141]-[142].) That same date, Johnson also filed a Request for Leave to File Delayed Appeal, pursuant to Rule 5(A). (Doc. 8, RX 39, at [149]-[155].)

In his brief in support, Johnson argued that the trial court "failed to properly inform him of his right to appeal, his right to assistance of counsel for an appeal, and the availability of documents necessary to appeal all at state expense" if he was unable to afford same. (Doc. 8, RX 39, at [150].) He also noted that his trial counsel failed to inform him of his right to appeal, and failed to file a timely notice of appeal. (Doc. 8, RX 39, at [153].) Johnson stated that the claims he sought to have reviewed by the court of appeals "are alleged to have transpired at the Sentencing hearing." (Doc. 8, RX 39, at [152].)

Johnson stated that the reasons for his failing to file a timely appeal were "the lack of competent counsel and proper notification by the courts," and that, but for those reasons, he would have filed his notice of appeal in a timely fashion. (Doc. 8, RX 39, at [154]-[155].)

The court of appeals granted the state's motion to dismiss the appeal on Aug. 14, 2013. The court found that Johnson had failed to file a valid notice of appeal

under Ohio App. Rule 3(D), in that Johnson's purported notice failed to designate the judgment appealed. (Doc 8, RX 42, at [160]; see generally doc. 8, RX 38, at [141].) On Sept. 4, 2013, Johnson filed a motion for reconsideration (doc. 8, RX 43, at [162]-[164]), which the court denied as untimely filed. (Doc. 8, RX 44, at [166].)

Johnson filed a notice of appeal, and a motion for leave to file a delayed appeal, in the Supreme Court of Ohio, on Oct. 25, 2013. (Doc. 8, RX 45, at [167]; RX 46, at [169]-[173].) Johnson stated he was appealing the appellate court's August 14 dismissal of his motion for leave to file delayed appeal. (Doc. 8, RX 46, at [169].)

In his memorandum in support of his motion for leave to appeal, Johnson recited that he had originally filed his notice of appeal (incorrectly) to the supreme court on Sept. 23, 2013. (Doc. 8, RX 46, at [170]; see doc. 9, PX A.) He had received a letter from a deputy clerk dated Sept. 24, 2013, instructing him of the proper method to file, and noting that his documents were due no later than Sept. 30, 2013. (Doc. 8, RX 46, at [170], [173].) Johnson claimed that he did not receive the deputy clerk's letter until Oct. 1, 2013. (Doc. 9, PX B, at 1.)

In addition, on Oct. 7, 2013, Johnson had sent a "Notice to the Clerk" of the Supreme Court of Ohio, arguing that the deputy clerk was incorrect in her letter to him, that his notice of appeal should have been accepted as filed, and "that interference in the clerk's office has caused a delay in the process." (Doc. 9, PX B.)

Johnson's Oct. 25 memorandum in support of his motion for leave to appeal argued that, "Ultimately, Mr. Johnson is untimely with his appeal to the Court not

because of laziness, but ignorance of the procedural intricacies of this Court." (Doc. 8, RX 46, at [170].) He asserted that he had made a good faith effort to bring his issues before the court in a timely manner, and requested that the court permit his appeal. Id.

On Dec. 24, 2013, the Supreme Court of Ohio denied Johnson's motion for delayed appeal. (Doc. 8, RX 47, at [176]; State v. Johnson, 137 Ohio St.3d 1439, 999 N.E.2d 695 (2013).)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct

6

> governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Johnson has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## III. PROCEDURAL DEFAULT

The respondent contends that the only ground of the petition has been procedurally defaulted, in two ways. (Doc. 8, at 11-14.) The respondent argues that Johnson procedurally defaulted in the Ohio Court of Appeals, and also in the Supreme Court of Ohio. (Doc. 8, at 11.)

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process. Williams, 460 F.3d at 806 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)).

### A. State Court of Appeals

The respondent argues that Johnson defaulted his claim in the state court of appeals by failing to comply with App. Rule 3(D), which resulted in the dismissal of his appeal. As noted above, the state court based its ruling on the finding that Johnson had failed to file a valid notice of appeal under Ohio App. Rule 3(D), in that Johnson's purported notice failed to designate the judgment appealed. (Doc 8, RX 42, at [160]; see generally doc. 8, RX 38, at [141].)

A habeas claim may be procedurally defaulted by failing to comply with state procedural rules. Williams, 460 F.3d at 806; Maupin, 785 F.2d at 138. Where a state court has failed to address a prisoner's federal claim because the prisoner

failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman v. Thompson, 501 U.S. 722, 729-730 (1991); Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001) (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 558 U.S. 996 (2009).

  The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional

9

error.  Buell, 274 F.3d at 348 (citing Maupin, 785 F.2d at 138); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Here, the state court of appeals dismissed Johnson's appeal for a failure to comply with App. Rule 3(D), which meets the first two Maupin factors.

As to the third factor, Johnson argues that his failure to designate the judgment appealed from did not furnish a sufficient ground for dismissing his appeal.  (Doc. 10, at 4, citing State v. Trimmer, 80 Ohio App. 545, 547, 76 N.E.2d 896 (Ohio Ct. App. 1947).)  He contends that the appellate court abused its discretion, and by doing so caused his procedural default.  (Doc. 10, at 4.)

The state court of appeals in Trimmer, a 1947 case, construing an earlier statute, and relying on Mosey v. Hiestand, stated that it "would not justified in dismissing the appeal" before the court on the ground that "the notice of appeal fails to mention any judgment."  Trimmer, 80 Ohio App. at 547-548, 76 N.E.2d at 898.  In the Mosey case cited, the Supreme Court of Ohio had reversed a pair of appellate court decisions in which the court of appeals had refused to permit the notice of appeal to be amended by correcting the date of the judgment, and dismissed the appeal.  Mosey v. Hiestand, 138 Ohio St. 249, 250, 34 N.E.2d 210, 211 (1941).

This case does not involve such a proposed amendment (nor, in fact, did Trimmer).  Here, the state court based its ruling on the fact that Johnson had failed to file a valid notice of appeal under Rule 3(D), in that the notice failed to designate the judgment appealed.  (Doc 8, RX 42, at [160]; see generally doc. 8, RX 38, at

10

[141].) Although Trimmer ruled to the contrary in 1947, recent Ohio cases have found a lack of jurisdiction over appeals in which the notice of appeal was similarly faulty. See, e.g., State v. Pond, No. 91061, 2009 WL 478212, at *1 (Ohio Ct. App. Feb. 26, 2009) (axiomatic that notice of appeal must specify judgment being appealed, citing App.R. 3(D)); State v. Stewart, No. 86411, 2006 WL 440153, at *9 (Ohio Ct. App. Feb. 23, 2006) (notice of appeal must specify judgment being appealed, citing App.R. 3(D)).

The question of whether a state procedural ruling is "adequate" in the habeas context is a question of federal law. Beard v. Kindler, 558 U.S. 53, 130 S.Ct. 612, 617 (2009). In Beard v. Kindler, the Supreme Court held that a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review. Beard, 130 S.Ct. at 618; see also, Walker v. Martin, 562 U.S. 307, 131 S.Ct. 1120 (2011); Stone v. Moore, 644 F.3d 342, 345 (6th Cir. 2011) (motion for delayed appeal); Wilson v. Hurley, No. 08-4538, 2010 WL 2587942, at *6 (6th Cir. June 28, 2010), cert. denied, 562 U.S. 1033 (2010) (untimely Rule 26(B) application).

In Stone, the Sixth Circuit noted that Beard and Martin "permit a state procedural rule to serve as an adequate state ground for preventing review of a habeas petition even if the state procedural rule accords courts broad discretion." Stone, 644 F.3d at 348. Johnson has not presented cases, other than the 1947 Trimmer case, to support his proposition that the state court abused its discretion by dismissing his appeal on the basis of Rule 3(D). More recent Ohio cases, e.g.,

Pond and Stewart, support the ruling of the state court in his case. However, whether that ruling was mandatory or discretionary is not relevant under federal habeas law, as the respondent points out. (Doc. 8, at 11-12.) The court finds that Rule 3(D) is an adequate and independent state ground on which the state can rely to foreclose review of Johnson's federal claim.

Thus, moving to the fourth Maupin factor, Johnson must demonstrate that there was cause for him not to follow the procedural rule, in this case, cause for him to fail to specify the judgment he was appealing, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348. Johnson has the burden of demonstrating cause. Hinkle v. Randle, 271 F.3d 239, 245 (6th Cir. 2001). In order to establish cause, a habeas corpus petitioner must show that "some objective factor external to the defense" prevented the petitioner's compliance with a state procedural rule. Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004) (per curiam), cert. denied, 543 U.S. 989 (2004) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986).

In his Traverse, Johnson raises three claims of "cause." First, he argues that the "trial court interfered with procedural compliance," by failing to advise him of the extent of his right to appeal his sentence, which resulted in his challenging his sentence in the trial court, rather than on direct appeal. (Doc. 10, at 2.) Whatever the merits of that argument, it does not address cause for his failure to follow the

procedural rule, in this case, cause for him to fail to specify the judgment he was appealing as required by Rule 3(D).

The second argument Johnson advances as to cause is ineffective assistance of trial counsel. (Doc. 10, at 2-3.) He argues, in part,

> Had trial counsel attempted to do [sic] object to the trial courts explanation of appellate rights, advised petitioner that he could still appeal his sentence or even ask him if he wanted to appeal, one can see how the Notice of Appeal would have been filed correctly and timely with a very narrow possibility of being dismissed for failure to follow procedural rules. Like above this is yet another domino effect that could have been avoided if trial counsel would have been effective at protecting his clients interests.

(Doc. 10, at 3.) However, this argument misses the mark. The appeal was not denied because it was untimely, for example, but rather because Johnson's notice of appeal was procedurally deficient.

A party's pro se status is insufficient to establish cause to excuse a procedural default. Bonilla, 370 F.3d at 498. Likewise, Johnson's ignorance of the law, and the procedural requirements for filing a notice of appeal is insufficient to establish cause to excuse his procedural default. Id.

The court also notes that Johnson was sentenced pursuant to a jointly-recommended sentence. (Doc. 8, Tr., at 4, 26-27.) Under Ohio law, a jointly recommended sentence authorized by law is not subject to appellate review.[2]

---

[2] The Supreme Court of Ohio has carved out an exception to the statutory bar, finding appellate review of an agreed sentence is not barred when sentence is improperly imposed for "allied offenses of similar import." *State v. Underwood*, 124 Ohio St.3d 365, 922 N.E.2d 923, 924 (2010) (syllabus). The rationale was that such a

Cornell v. Jeffries, No. 2:05CV948, 2006 WL 2583300, at *8 (S.D. Ohio Sept. 7, 2006) (citing cases); State v. Porterfield, 106 Ohio St.3d 5, 10, 829 N.E.2d 690, 694-695 (2005); State v. Ahladis, No. 2010–T–0087, 2011 WL 3558227, at *3 (Ohio Ct. App. Aug. 12, 2011) (citing Porterfield); State v. Carson, No. 20285, 2004 WL 2445342, at *2 (Ohio Ct. App. Oct. 22, 2004); State v. Lentz, No. 01CA31, 2003 WL 576646, at *1 (Ohio Ct. App. Feb. 28, 2003); Ohio Rev. Code § 2953.08(D)(1).

This court has found that there is no requirement under Ohio law to advise a defendant of a right to appeal from a plea agreement containing a jointly recommended sentence. In Thompson v. Sheets, the court reasoned:

> Ohio law precludes appellate review in certain circumstances: "A sentence imposed upon a defendant is not subject to review ... if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. § 2953.08(D)(1). Ohio Criminal Rule 32(B)(1) imposes a duty on the trial court to notify a defendant of a right to appeal a sentence in a "serious offense that has gone to trial," but Criminal Rule 32(B)(2) only imposes such a duty in other cases where a right to appeal is applicable. State courts have consistently interpreted these statutes to mean that there is no requirement to advise a defendant of a right to appeal from a plea agreement containing a jointly recommended sentence.

Thompson v. Sheets, No. 3:07 CV 2423, 2009 WL 2176050, at *2 (N.D. Ohio July 21, 2009) (citing cases). See, e.g., State v. Bryant, No. L-03-1359, 2005 WL 1532617, at

---

sentence is not "authorized by law." *Id.* Because Johnson had failed to specify which of the several trial court rulings he was appealing, it is unclear whether he would have raised a claim of allied offenses of similar import. *See generally* doc. 8, RX 39, at [149]-[155] (motion for leave, does not include that issue.) In an earlier appeal, however, the state court of appeals found that claim barred by res judicata. (Doc. 8, RX 35, at [127], [130]; *Johnson*, 2012 WL 4100414; *see generally State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104, 108 (1967) (res judicata).

*3 (Ohio Ct. App. June 30, 2005) (where appeal is precluded by law, such as guilty plea and agreed upon sentence, sentencing court is not required to advise defendant). Under these circumstances, counsel could not be found ineffective for failing to advise Johnson to file a futile appeal.

The third claim of cause is that the state court of appeals abused its discretion in dismissing his appeal on the basis of Rule 3(D). (Doc. 10, at 3-4.) That argument has already been addressed above.

The court finds that Johnson has not demonstrated "cause" to excuse his procedural default in the state court of appeals. The failure to establish cause eliminates the need to consider prejudice. Murray, 477 U.S. at 494-495.

## B.  State Supreme Court

The respondent also argues that Johnson procedurally defaulted his claim in the Supreme Court of Ohio. (Doc. 8, at 11.)  The respondent contends that Johnson failed to properly file a timely appeal to the Supreme Court of Ohio. (Doc. 8, at 13.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman, 501 U.S. at 731; Buell, 274 F.3d at 349 (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the

state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.  Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

The respondent asserts that Johnson failed to file a timely appeal concerning his claim regarding notice of appellate rights.  (Doc. 8, at 13.)  Although he attempted to file a delayed appeal to the Supreme Court of Ohio, the court denied his motion for leave.  (Doc. 8, RX 45, at [167]; RX 46, at [169]-[173]; RX 47, at [176]; Johnson, 137 Ohio St.3d 1439, 999 N.E.2d 695.)

Johnson had originally filed his notice of appeal to the supreme court on Sept. 23, 2013 (doc. 9, PX A), but the following day a deputy clerk responded that his filing was being returned because he did not submit a memorandum in support of jurisdiction as required by Ohio S.Ct. Prac. Rule 7.02. (Doc. 8, RX 46, at [173].) His subsequent filing, on Oct. 25, 2013, was untimely.  (Doc. 8, RX 45, at [167]; RX 46, at [169]-[173].)

The Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is a procedural ruling sufficient to bar habeas review.  Smith v. Ohio, Dept. of Rehab. and Corr., 463 F.3d 426, 431-432 (6th Cir. 2006); Bonilla, 370 F.3d at 497. Such a procedural default is "an adequate and independent ground on which the

16

state can rely to foreclose review of his federal constitutional claims." Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW).

As to cause, Johnson argues that the state supreme court should adopt a "mail box rule," such that his initial, procedurally faulty, filing would have been construed to meet the filing deadline. (Doc. 10, at 5.)

As discussed earlier, a party's pro se status and the attendant inconveniences are insufficient to establish cause to excuse a procedural default. Bonilla, 370 F.3d at 498. Likewise, Johnson's ignorance of the procedural requirements for filing a notice of appeal in the state high court is insufficient to establish cause to excuse his procedural default. Id.

The court finds that Johnson has not demonstrated "cause" to excuse his procedural default in the state court of appeals. The failure to establish cause eliminates the need to consider prejudice. Murray, 477 U.S. at 494-495.

In addition, Johnson has not presented a colorable showing of actual innocence so as to demonstrate a fundamental miscarriage of justice which would permit review of his defaulted claims even though cause has not been established. Bonilla, 370 F.3d at 498. See generally doc. 10.

## SUMMARY

Johnson's only claim has been procedurally defaulted. The petition for a writ of habeas corpus should be denied.

## RECOMMENDATION

The petition for a writ of habeas corpus should be denied.

Dated: AUG. 31, 2015
/s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).