UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EFREM R. JOHNSON, | ) | Case No.: 5:14 CV 839 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| ALAN LAZAROFF, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On April 18 2014, Petitioner Efrem R. Johnson ("Petitioner" or "Johnson") filed a Petition for Writ of Habeas Corpus ("Petition") (Pet., ECF No. 1) pursuant to 28 U.S.C. § 2254 in the above-captioned case, challenging the constitutionality of his convictions. In his Petition, Johnson raised a single ground for relief – that the trial court failed to advise him of his right to appeal his sentence, and failed to advise him of his right to counsel for that appeal ("Ground One"). (Pet. at 6-7.)

Pursuant to Local Rule 72.2, this court referred the case to Magistrate Judge Kenneth S. McHargh ("Magistrate Judge" or "Judge McHargh"), on June 18, 2014, for preparation of a Report and Recommendation ("R&R"). On August 19, 2014, Respondent Alan Lazaroff filed a Return of Writ, arguing that Ground One had been procedurally defaulted. (ECF No. 8, at 11-14. ) Johnson filed a Traverse (ECF No. 10) on September 17, 2014.

On August 31, 2015, Judge McHargh submitted an R&R, recommending that this court deny the Petition. (R&R 18, ECF No. 13.) Specifically, the Magistrate Judge found that Ground One was procedurally defaulted in both the Ohio Court of Appeals and the Supreme Court of Ohio. (*Id.* at 15, 17.) On December 2, 2015, Petitioner filed a timely Objection (Obj., ECF No. 22) to Judge

McHargh's R&R. After conducting a *de novo* review, this court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law, and therefore, the court adopts the R&R (ECF No. 13) in its entirety.

In denying Ground One as procedurally defaulted, Judge McHargh explained that the Ohio Court of Appeals had properly applied Ohio Appellate Rule 3(D) when it found that Johnson had failed to file a valid notice of appeal. (R&R at 10-11.) The Magistrate Judge based his conclusion on recent Ohio cases – *State v. Pond*, No. 91061, 2009 WL 478212, at *1 (Ohio Ct. App. Feb. 26, 2009) and *State v. Stewart*, No. 86411, 2006 WL 440153, at *9 (Ohio Ct. App. Feb. 23, 2006) – where courts similarly dismissed notices of appeal that failed to designate the judgment from which the appeal was sought to be taken. (*Id.* at 11.)

In his Objection, Petitioner nonetheless asserts that the Ohio Court of Appeals abused its discretion in dismissing his appeal on the basis of a "minor technical, correctable, inadvertent violation fo a rule . . . ." (Obj. 5, ECF No. 22.) In support of this contention, Petitioner points the court to *Transamerica Ins. Co. v. Nolan*, 72 Ohio St. 3d 320 (1995). (*Id.* at 3.) However, Petitioner's argument is not well taken. In *Transamerica*, the Supreme Court of Ohio held that the Court of Appeals erred in dismissing Linda Wallace's appeal based on the fact that the notice of appeal listed appellants as "Dennis Wallace et al." *Transamerica Ins. Co.*, 72 Ohio St. 3d at 321-23. However, central to the court's holding was the determination that the appellees were not prejudiced by the use of the "et al." designation, since they were aware of Mrs. Wallace's claim and assumed she was party. *Id.* at 322. By contrast, in Johnson's case, the Court of Appeals might reasonably have concluded that the defect in Petitioner's notice – failure to designate the judgment from which an appeal was sought to be taken – would prejudice an opposing party. Moreover, even if the Court of

Appeals erred, Johnson procedurally defaulted his claim by failing to properly file a timely appeal in the Supreme Court of Ohio, as discussed in the Magistrate Judge's R&R. (R&R 15-17, ECF No. 13.)

Accordingly, this court adopts Judge McHargh's R&R (ECF No. 13) in its entirety and hereby denies Johnson's Petition for Writ of Habeas Corpus (Pet., ECF No. 1). The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c) (2015).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

December 30, 2015